## Schwartz v. Tri-County Hospital

*J. E. Beasley*, for plaintiff.
*Richard J. VanRoden, J. A. Livesley, Daniel J. Ryan, A. Grant Sprecher*, for defendants.

PRATTIS, *J.*, November 17, 1975—Plaintiff has brought this wrongful death and survival action on behalf of her husband, Joseph A. Schwartz, alleging that the various defendant hospitals and physicians acted negligently in treating Joseph A. Schwartz, resulting in his death in August 1971. Plaintiff has filed and served upon the three doctor-defendants a supplemental set of interrogatories. Defendants, Rosner and Cohen, filed objections to certain of the supplemental interrogatories, and plaintiff's motion to compel answers to the objected-to interrogatories is before the court.

## PART I
### THE OBJECTIONS OF DR. ROSNER

Dr. Rosner initially objects to plaintiff's supplemental interrogatories 91-93 as requesting "privileged" information in violation of Pa.R.C.P. 4007(a). These interrogatories request information concerning appearances by Dr. Rosner, or others, before any medical committees, official boards of medical associations, or other like review groups,

with regard to the actions taken by Dr. Rosner or others in treating decedent. In support of his objections, Dr. Rosner cites the Peer Review Protection Act of July 20, 1974, P.L. 537 (No. 193), 63 P.S. §425.1 et seq. (effective date July 20, 1974).

63 P.S. §425.4 provides:

"The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a health care professional arising out of the matters which are the subject of evaluation and review by such committee. . . ."

The clear intent of the Peer Review Protection Act is to foster the greatest candor and frank discussion at such review meetings. The act is prospective in its operation, but it is mandatory in its proscription of discovery. Hence, any discovery sought after the act takes effect is barred. Thus, defendant's objections to plaintiff's supplemental interrogatories 91-93 should be sustained.

Dr. Rosner next objects to interrogatories 95 and 97 on the grounds that they request information secured in anticipation of litigation which would violate Pa.R.C.P. 4011(d), which provides:

"4011. No discovery or inspection shall be permitted which

". . .

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses."

A review of interrogatories 95 and 97 reveals that these interrogatories only request information regarding the names, addresses and telephone numbers of persons having witnessed the incidents, acts or events out of which plaintiff's cause of action arises. Rule 4011(d) specifically excepts from its prohibition discovery of "information as to the identity or whereabouts of witnesses." None of the reviewed case law has limited the definition of "witnesses" in this context to those witnesses who will testify at trial. Thus, even though this information may have come to defendant "in anticipation of litigation," Rule 4011(d) permits this type of interrogatory. See Shohola Seed & Grain Co. v. Hayden, 5 D. & C. 2d 62 (1955).

Interrogatories 96 and 98, however, seek information concerning statements or records made by persons to be named in interrogatories 95 and 97, and the location of such records and reports. It is clear that these interrogatories fall within the prohibition of Rule 4011(d) and thus, defendant's objections to interrogatories 96 and 98 should be sustained.

Interrogatories 96 and 98, as worded, also request any statements made by plaintiff's decedent himself, and plaintiff argues that Baukal v. Acme Markets, Inc., 38 D. & C. 2d 86 (1966), allows for a discovery, in a wrongful death or survival action, of statements made by plaintiff's decedent. Plaintiff's interpretation of the import of the Baukal case is far too broad. Baukal stands for the proposition that, even if the decedent's statement was prepared in anticipation of litigation, in the exigent circumstances presented by that case, the plain meaning of Rule 4011(d) may yield, in the interest of justice and reasonableness, to Pa.R.C.P. 126-

128. Thus, when the claimant is deceased, and where there are no other witnesses who are alive and available to plaintiff for questioning, a hardship would follow from a refusal to order defendant to reveal statements made by plaintiff's decedent. However, there is no evidence before us that this is the situation in the instant case, and, accordingly, for this reason too, defendant should not be ordered to answer interrogatories 96 and 98.

Lastly, Dr. Rosner objects to supplemental interrogatories 116 and 117 on the basis that they seek his expert opinion, in violation of Rule 4011(f). Rule 4011(f) provides:

"4011. No discovery or inspection shall be permitted which

". . .

"(f) would require a deponent, whether or not a party, to give an opinion as an expert witness, over his objection."

Interrogatory 116 requests Dr. Rosner to state if, in his opinion, the negligence of any medical person or personnel caused or contributed to the injuries sustained by plaintiff's decedent. Interrogatory 117 requests that, if the answer to the foregoing question is in the affirmative, Dr. Rosner state in detail the name of said medical person and the conduct of such person causing such injuries. Clearly, such interrogatories fall within the prohibitions of Rule 4011(f) calling for the opinion of an expert witness. The fact that Dr. Rosner is also a defendant does not call for a different interpretation of Rule 4011(f). See Tejchman v. Wagner, 42 D. & C. 2d 383 (1967). In Swotes v. Rechtman, 46 D. & C. 2d 283 (1969), the court did distinguish interrogatories to an expert regarding facts and matters in issue,

which the court held were discoverable, and interrogatories regarding an opinion in response. With regard to the latter interrogatory, Rule 4011(f) provides no special rule for doctors who are defendants in malpractice cases. Thus, defendant's objections to interrogatories 116 and 117 are sustained.

In light of the foregoing, the court enters the following

## ORDER

And now, November 17, 1975, it is hereby ordered and decreed that the objections to supplemental interrogatories filed by defendant, Marvin L. Rosner, with regard to interrogatories 91-93, 96-98, 116 and 117, are sustained. Defendant Rosner's objections to supplemental interrogatories 95 and 97 are overruled and defendant shall have 20 days from the date hereof to file answers to the said interrogatories.

## PART II
## THE OBJECTIONS OF DR. COHEN

Dr. Cohen has objected to plaintiff's supplemental interrogatories 95-98, 109, 115-117, 119 and 121, which were numbered the same, and are the same as those proposed to Dr. Rosner. The court's opinion with regard to those interrogatories dealt with in Part One of this opinion, of course, applies with the same force to Dr. Cohen's objections. The remaining interrogatories objected to by Dr. Cohen will be dealt with below.

Dr. Cohen objects to interrogatory 109 as requiring unreasonable investigation in violation of Rule 4011(e). Interrogatory 109, while requiring a complicated cross-reference to several other inter-

rogatories, seems to request information regarding the number of patients Dr. Cohen diagnosed as having the same bodily ailment or disease as that sustained by plaintiff's decedent during the five-year period immediately preceding the date Dr. Cohen first saw plaintiff's decedent. Dr. Cohen argues that as the family physician of decedent, he treated Joseph A. Schwartz for numerous ailments (including colds, cat bites, headaches and diabetes), and to approximate the number of other patients he treated with the same ailments would cause an unreasonable investigation. If the import of interrogatory 109 was as broad as defendant argues, it would clearly run afoul of even the very liberal relevancy standards of discovery. It seems obvious that plaintiff is only concerned with those ailments sustained by plaintiff's decedent *which are at issue in the instant law suit*, and, to that extent, interrogatory 109 does not request an unreasonable investigation.

Dr. Cohen objects to interrogatories 115, 119 and 121 as requesting his expert opinion in violation of Rule 4011(f). Again, there is no relaxation of Rule 4011(f) due to the fact that Dr. Cohen is also a defendant in the instant action, and a review of interrogatories 115, 119 and 121 clearly indicates that they seek his expert opinion. Thus, Dr. Cohen's objections to these interrogatories are sustained.

In light of all of the foregoing, the court enters the following

## ORDER

And now, November 17, 1975, it is hereby ordered and decreed that the objections to supplemental interrogatories filed by defendant, Jules J. Cohen, with regard to interrogatories 96 and 97,

115-117, 119 and 121 are sustained. Defendant Cohen's objections to supplemental interrogatories 95, 97, and 109, are overruled and defendant shall have 20 days from the date hereof to file answers to the said interrogatories.